UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FARKLAND GARCON,

       Plaintiff,

v.                                       Case No. :

WINDHAVEN CLAIMS
MANAGEMENT, LLC,

       Defendant.

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and 1447, Windhaven Claims Management, LLC ("Windhaven" or "Defendant"), hereby gives notice of removal of the case styled *Farkland Garcon v. Windhaven Claims Management, LLC*, designated as Case No. 16-CA-009419, currently pending in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division. As grounds in support thereof, Defendant states:

    1.     Farkland Garcon ("Plaintiff") filed a Complaint that is pending in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, styled *Farkland Garcon v. Windhaven Claims Management, LLC*, designated as Case No. 16-CA-009419. Plaintiff filed this action on October 11, 2016. (*See* the Complaint, attached as **Exhibit A** hereto.)

    2.     In his Complaint, Plaintiff asserts an overtime violation under the Fair Labor Standards Act ("FLSA") (28 U.S.C. § 207).

1

3. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4. Because Plaintiff raises a claim under the FLSA, this action presents a federal question that is removable pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1331.

5. Because the conduct alleged in the Complaint relates to Plaintiff's alleged employment with Defendant in Hillsborough County, Florida, all conduct is alleged to have occurred within Hillsborough County, Florida, and Plaintiff filed his Complaint in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Defendant files this Notice in the Tampa Division of the United States District Court for the Middle District of Florida. (*See* the Complaint, attached as **Exhibit A** hereto).

6. Defendant was served with the Summons and Complaint on December 9, 2016. This removal is therefore timely as it is filed within thirty (30) days after receipt of the Summons and Complaint. *See* 28 U.S.C. § 1446(b).

7. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant are attached hereto as composite **Exhibit A**.

8. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice will be served on Plaintiff and a copy of this Notice will be filed concurrently with the Clerk of the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, which is attached hereto as **Exhibit B**.

9. Therefore, removal is appropriate pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

WHEREFORE, on the basis of the foregoing, Defendant respectfully submits that removal of this action from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, to this Court is proper.

Respectfully submitted,

FORDHARRISON LLP

By: /s/ Luis A. Santos
    Luis A. Santos
    Florida Bar No. 0084647
    lsantos@fordharrison.com
    David M. Kalteux
    Florida Bar No. 0118746
    dkalteux@fordharrison.com
    101 E. Kennedy Boulevard, Suite 900
    Tampa, Florida 33602
    Telephone: (813) 261-7800
    Facsimile: (813) 261-7899

    Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 9, 2017, a true and correct copy of the foregoing has been served by e-mail and U.S. First Class Mail upon:

Matthew K. Fenton
mfenton@wfclaw.com
Wenzel Fenton Cabassa, P.A.
110 North Florida Avenue, Suite 300
Tampa, Florida 33602

/s/ Luis A. Santos
Attorney

WSACTIVELLP:8918782.1

Filing # 47447595 E-Filed 10/11/2016 10:21:04 AM

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

FARKLAND GARCON,

    Plaintiff,

v.

WINDHAVEN CLAIMS
MANAGEMENT, LLC,

    Defendant.
_____/

Case No.:
Division:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, FARKLAND GARCON, by and through undersigned counsel, brings this action against Defendant, WINDHAVEN CLAIMS MANAGEMENT, LLC, and in support states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000.00, exclusive of interest, fees, and costs, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2. Venue is proper in Hillsborough County, because all of the events giving rise to these claims occurred in this County.

### PARTIES

3. Plaintiff is a resident of Hillsborough County, Florida.

4. Defendant operates an auto insurance company in Tampa in Hillsborough County, Florida.



## GENERAL ALLEGATIONS

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

10. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

11. Defendant continues to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

13. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000.00 per year.

14. At all times material hereto, Plaintiff, while employed by Defendant, did not fall within any of the classes of employees who are exempt from the FLSA's overtime provisions under 29 U.S.C. § 213.

15. Specifically, Plaintiff was not employed by Defendant in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff had no authority to hire or terminate any other employee of Defendant; she had no special or professional

qualifications and skills for the explicit use of which she was employed by Defendant; and she had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

16. Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA.

17. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## FACTS

18. Plaintiff began working for Defendant as a Paralegal in February 2015, and she worked in this capacity until August 2016.

19. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and she was entitled to be compensated for her overtime hours at a rate equal to one and one-half times her regular hourly rate.

20. Defendant failed to pay Plaintiff an overtime premium for all of her overtime hours, in violation of the FLSA.

21. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

22. Plaintiff realleges and readopts the allegations of paragraphs 1 through 21 of this Complaint, as though fully set forth herein.

23. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and she was not compensated for all of these hours in accordance with the FLSA.

24. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

25. As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

- a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;
- b) Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;
- c) An amount equal to Plaintiff's overtime damages as liquidated damages;
- d) To the extent that liquidated damages are not awarded, an award of prejudgment interest;
- e) A declaration that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;
- f) All costs and attorney's fees incurred in prosecuting these claims; and
- g) For such further relief as this Court deems just and equitable.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this \_\_\_\_ day of October, 2016.

Respectfully submitted,

MATTHEW K. FENTON
Florida Bar Number: 0002089
WENZEL FENTON CABASSA, P.A.
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-223-6413
Facsimile: 813-229-8712
E-Mail: mfenton@wfclaw.com
E-Mail: tsoriano@wfclaw.com
**Attorneys for Plaintiff**

4

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

**Farkland Garcon**                            Case No.: **16-CA-009419**
Plaintiff(s)
vs

**Windhaven Claims Management, LLC**     Division B
Defendant(s)

## SUMMONS

**THE STATE OF FLORIDA**:
To Each Sheriff of the State:
    **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on defendant(s)

        **Windhaven Claims Management, LLC**

        **c/o Registered Agent Jill D Carabotta**
        **8550 NW 33rd St Ste 400**
        **Doral FL 33122**

    Each defendant is required to serve written defenses to the complaint or petition on **MATTHEW KEITH FENTON**, plaintiff's attorney, whose address is **WENZEL FENTON CABASSA P A 1110 N FLORIDA AVE STE 300 TAMPA FL 33602** within 20[1] days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.
**DATED** on October 11, 2016.

| | |
|---|---|
| Attorney: MATTHEW KEITH FENTON | PAT FRANK |
| Attorney For: Farkland Garcon | As Clerk of the Court |
| Address: WENZEL FENTON CABASSA P A | |
| 1110 N FLORIDA AVE STE 300 | *Dana Caranante* |
| TAMPA FL 33602 | |
| | Dana Caranante, Deputy Clerk |
| Florida Bar No: 2089 | Prepared By: Veronica Phillips, Deputy Clerk |
| | P.O. Box 3360       800 E Twiggs St |
| | Tampa, FL 33601    Room 101 |
| |                             Tampa FL 33602 |
| | (813)276-8100 extension 4365 |

[1] Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Hillsborough County Courthouse, 800 E. Twiggs St., Room 604, Tampa, Florida 33602, (813) 272-7040, at least 7 days before your scheduled court appearance, or immediately upon receiving**

**this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Florida Rules of Civil Procedure Form 1.902(a), Summons (06/10)

IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

I. **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>THIRTEENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>HILLSBOROUGH</u> COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Farkland Garcon</u>
Plaintiff
vs.
<u>Windhaven Claims Management, LLC</u>
Defendant

II. **TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure $0 - $50,000
    - ☐ Commercial foreclosure $50,001 - $249,999
    - ☐ Commercial foreclosure $250,000 or more
    - ☐ Homestead residential foreclosure $0 – 50,000
    - ☐ Homestead residential foreclosure $50,001 - $249,999
    - ☐ Homestead residential foreclosure $250,000 or more
    - ☐ Non-homestead residential foreclosure $0 - $50,000
    - ☐ Non-homestead residential foreclosure $50,001 - $249,999
    - ☐ Non-homestead residential foreclosure $250,00 or more

- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical
    - ☐ Malpractice – other professional
- ☒ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☐ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☒ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

**III.** **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Non-monetary
☒ Non-monetary declaratory or injunctive relief;
☐ Punitive

**IV.** **NUMBER OF CAUSES OF ACTION: (   )**
(Specify)

<u>1-FLSA OVERTIME VIOLATION</u>

**V.** **IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ Yes
☒ No

**VI.** **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ No
☐ Yes – If "yes" list all related cases by name, case number and court:

**VII.** **IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ Yes
☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature <u>s/ Matthew K. Fenton</u>    FL Bar No.: <u>2089</u>
    Attorney or party                                                                  (Bar number, if attorney)

    <u>Matthew K. Fenton</u>    <u>10/11/2016</u>
    (Type or print name)                                                             Date

# RETURN OF SERVICE

State of Florida        County of Hillsborough        Circuit Court

Case Number: 16-CA-009419

Plaintiff:
FARKLAND GARCON



vs.

Defendant:
WINDHAVEN CLAIMS MANAGEMENT, LLC

For:
Matthew Fenton
Wenzel, Fenton & Cabassa
1110 North Florida Avenue
Suite 300
Tampa, FL 33602

Received by MercuryServe, Inc. on the 8th day of December, 2016 at 9:20 am to be served on **Windhaven Claims Management, LLC c/o Registered Agent: Jill D. Carabotta, 8550 NW 33rd St., Suite 400, Doral, FL 33122.**

I, Jose Espino, do hereby affirm that on the **9th day of December, 2016 at 10:00 am**, I:

CORPORATE SERVICE: served the within named Limited Liability Company by leaving a true copy of this Summons and Complaint And Demand For Jury Trial, Cover Letter dated 12/2/16, with Obligations, Notice of Designation of E-Mail Addresses For Service of Court Documents, Civil Cover Sheet, Plaintiff's Notice of Taking Corporate Representative Deposition, Plaintiff's First Request For Production of Documents to Defendant, and Plaintiff's Notice of Service of First Set of Interrogatories to Defendant at the address of **8550 NW 33rd St., Suite 400, Doral, FL 33122** with the date and hour of service endorsed thereon by me to Dawn Garcia as Receptionist, informing said person of the contents therein, pursuant to F.S. Chapter 605/608 and F.S. 48.062.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was attempted.

Under Penalties of Perjury, I declare I have read the foregoing document and the facts stated in it are true. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525(2)

Jose Espino
CPS 303

MercuryServe, Inc.
412 E. Madison Street
Suite 1120
Tampa, FL 33602
(813) 223-5400

Our Job Serial Number: MSI-2016009729
Ref: 9729

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.1g

Filing # 47447595 E-Filed 10/11/2016 10:21:04 AM

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL
CIRCUIT OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY
CIRCUIT CIVIL DIVISION

FARKLAND GARCON,
Plaintiff(s)

CASE NO.: _____

VS.

DIVISION: _____

WINDHAVEN CLAIMS MANAGEMENT, LLC,
Defendant(s)

REQUEST FOR ISSUANCE OF SUMMONS – CIRCUIT CIVIL

This is a request for issuance of service of process by the Clerk of court as follows:

*PLEASE NOTE THAT A SEPARATE REQUEST
IS REQUIRED FOR EACH PARTY TO BE SERVED*

| Type of Process: (choose one) |
| --- |
| [✓] Initial Summons   [ ] Alias Summons   [ ] Pluries Summons |
| **Type of Summons: (choose one)** |
| Circuit Court Summons: |
| Indicate days to respond  [✓] 20  [ ] 30  [ ] 45  [ ] 60   [ ] Other____ |
| Non-Residential Eviction:  [ ] Mailing  [ ] No Mailing |
| Residential Eviction -  [ ] 5 day only   [ ] 5 day with 20 day attached |
| [ ] Mailing  [ ] No Mailing |

| Party information: |
| --- |
| Party To Be Served: |
| Name: WINDHAVEN CLAIMS MANAGEMENT, LLC, c/o Registered Agent: JILL D CARABOTTA |
| Address: 8550 NW 33RD STREET, SUITE 400 |
| City/State/Zip: DORAL, FL 33122 |
| Email Address to Return Issued Summons: mfenton@wfclaw.com and tsoriano@wfclaw.com |

IN THE THIRTEENTH JUDICIAL CIRCUIT OF THE
STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY

FARKLAND GARCON,                        CASE NO.: _____

_____          DIVISION: _____
Plaintiff/Petitioner(s)

vs.

WINDHAVEN CLAIMS MANAGEMENT, LLC,
_____

_____
Defendant/Respondent(s)

## REQUEST FOR DIVISION ASSIGNMENT

This is a request based on local Administrative Order(s) for the Clerk of the Court to assign the above styled case in the:

[✓] Tampa Division

[ ] East Division

[ ] Prior Division (Please indicate Case Number and Division of previously filed action: _____ )

I understand that the actual division assignment will be in accordance with the Hillsborough County Administrative Orders. If there is no supported request for specific division assignment, this action will be assigned a division based on a random and equitable distribution system.

Name of Attorney: MATTHEW K. FENTON

Address: WENZEL FENTON CABASSA, P.A.

1110 North Florida Avenue, Suite 300, Tampa, Florida 33602

Phone Number: Direct Dial: 813-223-6413, Main Number: 813-224-0431

Email Address(es): mfenton@wfclaw.com and tsoriano@wfclaw.com

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

FARKLAND GARCON,

    Plaintiff,

v.

WINDHAVEN CLAIMS
MANAGEMENT, LLC,

    Defendant.

Case No. : 16-CA-009419

## DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL

Defendant Windhaven Claims Management, LLC ("Windhaven" or "Defendant"), by and through its undersigned attorneys, and pursuant to 28 U.S.C. § 1446(d), hereby gives notice in the above-captioned action that it filed a Notice of Removal in the United States District Court for the Middle District of Florida, Tampa Division, which was served on Plaintiff's counsel by e-mail and United States Mail on January 6, 2017. (A copy of the Notice of Removal is attached hereto as **Exhibit A**.)

**[Signature appears on next page]**

1



Respectfully submitted,

FORDHARRISON LLP

By: /s/ Luis A. Santos
    Luis A. Santos
    Florida Bar No. 0084647
    lsantos@fordharrison.com
    David M. Kalteux
    Florida Bar No. 0118746
    dkalteux@fordharrison.com
    101 E. Kennedy Boulevard, Suite 900
    Tampa, Florida 33602
    Telephone: (813) 261-7800
    Facsimile: (813) 261-7899

    Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 9, 2017, I filed the foregoing using the Florida Courts E-Filing Portal, which will send a copy via e-mail to:

Matthew K. Fenton
mfenton@wfclaw.com
Wenzel Fenton Cabassa, P.A.
110 North Florida Avenue, Suite 300
Tampa, Florida 33602

    /s/ Luis A. Santos
    Attorney

WSACTIVELLP:8919007.1